## CUEVAS *v.* FREYRE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 613.—Resuelto en junio 14, 1911.

NULIDAD DE COMPRA EN PÚBLICA SUBASTA—CONFABULACIÓN—HIPOTECA—REMATE PARA PAGO DE CONTRIBUCIONES.—Las pruebas demostraron que la demandante adquirió la finca a que se refiere el pleito por $17.36; que dicha finca estaba tasada por la Tesorería en $1,037 y una parte de la misma hipotecada para responder de la suma de $938.80 y de la de $400 más para costas en caso de ejecución; que la demandante y compradora es hija de la dueña de la finca; que la compra se verificó por haber dejado de pagar la dueña las contribuciones correspondientes al ejercicio de 1907-08, y que de ser válida la compra y de haberse cumplido con los demás requisitos de ley, su efecto sería el de destruir la garantía hipotecaria prestada por la dueña de la finca y madre de la demandante. *Se resolvió* que había elementos bastantes para llegar a la conclusión de que la dicha compra estaba viciada de nulidad en cuanto a la porción hipotecada a favor del demandado, por haber sido el resultado de una confabulación para perjudicar los derechos de este último.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Benet.*

La parte apelada compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso sobre nulidad de hipoteca y otros extremos. La demandante Julia Cuevas de Vélez, presentó una demanda jurada en la Corte de Distrito de Mayagüez, contra José Ramón Freyre, alegando en resumen 1°., que Jovita Rivera de Cuevas, era dueña de una finca que se formó por agrupación de pequeñas porciones de terreno que colindaban entre sí, y que se describe de la siguiente manera:

"Rústica, compuesta de 48 cuerdas de terreno a café, pasto y malezas, con casas, radicada en el barrio de Anones del término municipal de Las Marías y lindando al norte con José Díaz; al sur con Isaac F. Martínez; al este con Tomás Boothby, y al oeste con el río Casey."

2. Que una de esas porciones, que contenía doce cuerdas y que se describe así:

"Empezando al saliente con un roble que colinda con Jovita Rivera y la viuda de Julián Montalvo; de allí línea recta rumbo al sud a un guamá que se encuentra en la orilla del río Casey limítrofe con Doña Jovita Rivera; de ésta río abajo, a un jobo que se halla en dicho río y hace punto con Don Luis Martel; de allí línea recta a una piedra que se encuentra al lado de un matrón de emajaguas y colinda con Don Manuel Montalvo y Don José Vélez Segundo y de allí al punto donde se principió."

constaba inscrita en el registro de la propiedad, a favor de la dicha Jovita Rivera y sobre ella su dueña constituyó una hipoteca voluntaria a favor de Ciprián Rivera y Martínez para garantizar la suma de $938.80 y la de $400 más para costas en caso de ejecución.

3. Que al constituirse la dicha hipoteca y hasta la fecha de la interposición de la demanda, dicha porción de 12 cuerdas formaba y forma parte de la finca de 48 cuerdas y de ella tenía conocimiento el acreedor hipotecario.

4. Que habiendo Jovita Rivera dejado de pagar las con-

tribuciones que pesaban sobre la finca de 48 cuerdas, fué dicha finca rematada y adquirida el 14 de julio de 1908, por la demandante Julia Cuevas, a favor de quien se expidió el correspondiente certificado de venta por el colector de rentas internas.

5. Que la venta se notificó al acreedor hipotecario quien dejó transcurrir el término de 180 días sin redimir la finca, que tampoco lo fué por ninguna otra persona.

6. Que la demandante acudió al registro para inscribir su certificado, pero la inscripción no pudo verificarse, por que 36 cuerdas de la finca no constaban inscritas previamente y por que las doce inscritas lo estaban con colindancias muy antiguas y diferentes en la actualidad de las colindancias generales de la finca de 48 cuerdas. Se tomó anotación preventiva de la finca en general.

7. Que el demandado Freyre obtuvo una sentencia en la Corte Municipal de Mayagüez en contra de la sucesión de Ciprián Rivera Martínez y en la ejecución de dicha sentencia se le adjudicó el crédito hipotecario constituído por Jovita Rivera a favor del dicho Rivera Martínez, de que se ha hecho mérito. La escritura de venta se otorgó por el márshal a nombre de la Sucesión Rivera y a favor de Freyre el 8 de octubre de 1909 y se inscribió en el registro de la propiedad.

8. Que Freyre inició en la Corte de Distrito de Mayagüez un procedimiento para la ejecución del dicho crédito hipotecario, en el cual no se hizo parte a la demandante.

La demandante termina suplicando que la corte decrete que Ciprián Rivera perdió todo derecho, título e interés sobre el crédito hipotecario en cuestión; que el demandado Freyre adquirió una hipoteca sin valor y nula; que se ordene la cancelación de la inscripción de la hipoteca y la inscripción del dominio de las doce cuerdas a favor de la demandante, y que se condene en costas al demandado en caso de oposición.

El demandado también contestó bajo juramento negando específicamente las alegaciones de la demanda y a su vez ale-

gando, en resumen, que siguió un procedimiento en cobro de pesos contra la sucesión de Ciprián Rivera y obtuvo sentencia a su favor. Que embargó el crédito hipotecario que Ciprián Rivera tenía sobre la descrita finca de Jovita Rivera. Que dicho crédito le fué adjudicado en la ejecución de la expresada sentencia, por escritura de 8 de octubre de 1909 inscrita en el registro de la propiedad. Que ejecutó dicho crédito por el procedimiento sumarísimo de la ley hipotecaria por escritura de 11 de febrero de 1910, inscrita en el registro de la propiedad. Que cuando embargó el crédito hipotecario, cuando se le adjudicó y cuando le fué vendida la finca hipotecada, ésta estaba inscrita en el Registro a favor de la deudora Jovita Rivera.

Que la demandante Julia Cuevas y su madre Jovita Rivera se confabularan para burlar el derecho del acreedor hipotecario, siendo la compra de Julia Cuevas el resultado de dicha confabulación.

Que aún en el caso de que tal compra fuera legal, el demandado es un tercero que adquirió de buena fe de quien figuraba con derecho en el registro.

Y que el demandado ha sufrido daños y perjuicios, porque, a consecuencia de la interposición de la demanda, no ha podido vender la dicha finca de doce cuerdas que legítimamente le pertenece.

Practicadas las pruebas, la Corte de Distrito de Mayagüez dictó sentencia declarando que la ley y los hechos están a favor del demandado, excepto en cuanto a la reclamación por daños y perjuicios, y en su consecuencia, desestimó la demanda. Contra esa sentencia interpuso la demandante el presente recurso de apelación.

Un examen cuidadoso de las alegaciones y de las pruebas, demuestra que la demandante Julia Cuevas adquirió la finca de que se trata, valorada a los efectos del pago de las contribuciones en $1,037, por la suma de $17.36; que una porción de dicha finca estaba hipotecada a favor de Ciprián Rivera, para garantizar la suma de $938.80 y la de $400 más

para costas en caso de ejecución; que la demandante y compradora de la finca es hija de la dueña de la misma; que la compra se verificó a consecuencia de haber dejado de pagar la dueña de la finca las contribuciones correspondientes al ejercicio de 1907-08; y que de ser válida la venta y de haberse cumplido con todos los demás requisitos exigidos por la ley, su efecto sería el de destruir la garantía hipotecaria de la deuda de Jovita Rivera.

Probados tales hechos, es evidente que existe base bastante para llegar a la conclusión de que la compra que la demandante hizo de la finca en cuestión, está viciada de nulidad en cuanto a las doce cuerdas hipotecadas a favor del demandado, por haber sido el resultado de una confabulación para perjudicar los derechos del acreedor hipotecario.

Siendo esto así y sosteniéndose por tal motivo la sentencia apelada, no es necesario estudiar los otros fundamentos alegados por el demandado y apelado en defensa de su derecho.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.